| | |
|---|---|
| **SILVERMANACAMPORA LLP**<br>Attorneys for Kenneth P. Silverman, Esq.,<br>The Chapter 7 Trustee<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>(516) 479-6300<br>David J. Mahoney, Esq.<br>Jessi L. Kleinman, Esq. | **Presentment Date: July 7, 2014**<br>**Time:  12:00 p.m.**<br><br>**Objections Due:  July 5, 2014**<br>**Time:  4:00 p.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In re:

AGAPE WORLD, INC., *et al.,*

                      Debtors.
-----------------------------------------------------------------------x
KENNETH P. SILVERMAN, ESQ., as
Chapter 7 Trustee of Agape World, Inc., *et al.,*

                      Plaintiff,

    -against-

CHRISTOPHER MCMULLEN,

                      Defendant.
-----------------------------------------------------------------------x

Chapter 7
Case No.:  09-70660 (AST)
(substantively consolidated)

Adv. Pro. No.:  10-09012 (AST)

### NOTICE OF PRESENTMENT OF AN ORDER
### UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 7055
### DIRECTING ENTRY OF A DEFAULT JUDGMENT AGAINST CHRISTOPHER MCMULLEN

**PLEASE TAKE NOTICE**, that upon the declaration of David J. Mahoney, Esq., executed on June 5, 2014 and the exhibits annexed thereto (the "Motion"), Kenneth P. Silverman, Esq., the chapter 7 trustee of the substantively consolidated estates of Agape World, Inc., *et al.,* will present an order to the Honorable Alan S. Trust, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, located at 290 Federal Plaza, Central Islip, New York 11722, on **July 7, 2014 at 12:00 p.m.,** directing entry of a default judgment against the above-named defendant under Federal Rule of Bankruptcy Procedure 7055, and for such other and further relief this Court deems just and proper (the "Order").

**PLEASE TAKE FURTHER NOTICE**, that opposition to the Motion or the proposed Order, if any, must be (I) made in writing; (II) electronically filed with the Court; (III) mailed to

Chambers of the Honorable Alan S. Trust, United States Bankruptcy Judge, 290 Federal Plaza, Central Islip, New York 11722; (IV) mailed to SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: David J. Mahoney; and (V) mailed to the Office of the United States Trustee, 290 Federal Plaza, Central Islip, New York 11722, so as to be actually received no later than **July 5, 2014 at 4:00 p.m.**

**PLEASE BE ADVISED, that if an objection is timely filed to the relief requested, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of such a hearing will be provided by the applicant.**

Dated: Jericho, New York
June 5, 2014

                                          **SILVERMANACAMPORA LLP**
                                          Attorneys for Kenneth P. Silverman, Esq.,
                                          the Chapter 7 Trustee

                            By:   *s/ David J. Mahoney*
                                          David J. Mahoney
                                          Member of the Firm
                                          100 Jericho Quadrangle, Suite 300
                                          Jericho, New York 11753
                                          (516) 479-6300

**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
The Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
David J. Mahoney, Esq.
Jessi L. Kleinman, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
In re:                                                                           Chapter 7
                                                                                       Case No.: 09-70660 (AST)
AGAPE WORLD, INC., *et al.,*                                     (substantively consolidated)

                                        Debtors.
---------------------------------------------------------------------x
KENNETH P. SILVERMAN, ESQ., as
Chapter 7 Trustee of Agape World, Inc., *et al.,*

                                        Plaintiff,
                                                                                       Adv. Pro. No.:  10-09012 (AST)
        -against-

CHRISTOPHER MCMULLEN,

                                        Defendant.
---------------------------------------------------------------------x

### DECLARATION IN SUPPORT OF MOTION FOR AN ORDER UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 7055 DIRECTING ENTRY OF A DEFAULT JUDGMENT AGAINST CHRISTOPHER MCMULLEN

David J. Mahoney, an attorney admitted to practice before the Courts of this State and this Federal judicial district, declares, pursuant to 28 U.S.C. §1746 that:

1.      I am a member of SilvermanAcampora LLP, attorneys for Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee or "Plaintiff") for the substantively consolidated estate of Agape World, Inc., *et al.* (the "Debtor"). Based upon my review of the Debtor's books and records, the files maintained by my firm, and my personal knowledge, I am familiar with the facts set forth herein.

2.      This declaration is submitted in support of Plaintiff's motion (the "Motion") seeking entry of an order (the "Order") under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7055 directing the entry of a default judgment (the "Default Judgment")

against Christopher McMullen ("Defendant"), for Defendant's failure to answer, or otherwise respond to Plaintiff's Complaint. A copy of the proposed Order is annexed hereto as **Exhibit 1**.

3.     For the reasons set forth below, entry of the proposed Default Judgment in Plaintiff's favor under Bankruptcy Rule 7055 is appropriate. A copy of the proposed Default Judgment is annexed hereto as **Exhibit 2.**

## NATURE OF THE ADVERSARY PROCEEDING

4.     This adversary proceeding (the "Adversary Proceeding") was commenced on December 17, 2010 under, *inter alia*, 11 U.S.C. §§105, 547, and 550 by filing a complaint (the "Complaint") [Docket No. 1] seeking avoidance and recovery of certain pre-petition transfers made by the Debtor to Defendant within 90 days before the Debtor filed its bankruptcy petition. A copy of the Complaint is annexed hereto as **Exhibit 3.**

5.     On December 21, 2010, the Clerk of the Court issued a summons (the "Summons") [Docket No. 2]. A copy of the Summons is annexed hereto as **Exhibit 4.**

6.     On December 29, 2010 the Summons, Complaint, and Order Establishing Procedures were timely served upon Defendant in accordance with Bankruptcy Rule 7004 and Plaintiff electronically filed an affidavit of service evidencing timely service of the Summons and Complaint [Docket No. 3]. A copy of the affidavit of service is annexed hereto as **Exhibit 5.**

## DEFENDANT'S DEFAULT

7.     Pursuant to the Summons and Bankruptcy Rule 7004(e), Defendant was required to file and serve a responsive pleading on or before January 20, 2011 (the "Answer Deadline").

8.     Defendant failed to file or serve a responsive pleading by the Answer Deadline.

9.     To date, no attorney has filed a notice of appearance on Defendant's behalf. Further, Defendant has not answered or otherwise moved with respect to the Complaint.

10.    Furthermore, the Court scheduled a status conference in the Adversary Proceeding for September 19, 2013 [Docket No. 4].

11.  Defendant failed to appear at the status conference on September 19, 2013, at which time the Clerk of the Court noted a default against Defendant.

12.  Insofar as Defendant has failed to defend against the Complaint, Plaintiff respectfully requests that this Court grant the Motion and enter the proposed Order granting Plaintiff's Motion and entering a money judgment against Defendant.

## BASIS FOR RELIEF

13.  A court may enter a default judgment against a party when that party has failed to plead or otherwise defend its side of the case.  That principle is governed by Rule 55 of the Federal Rules of Civil Procedure, made applicable here by Bankruptcy Rule 7055.  Fed. R. Civ. P. Rule 55 states, in pertinent part:

> (a) *Entering a Default.*  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) *Entering a Default Judgment.*
>
> > (1) *By the Clerk.*  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk-on the plaintiff's request, with an affidavit showing the amount due-must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > (2) *By the Court.*  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals-preserving any federal statutory right to a jury trial-when, to enter or effectuate judgment, it needs to:
> >
> > > (A) conduct an accounting;
> > >
> > > (B) determine the amount of damages;
> > >
> > > (C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

14. A default occurs if the defendant does not respond to the complaint within thirty days after the issuance of the summons. *See* Bankruptcy Rule 7012(a). *See also In re Macias*, 324 B.R. 181 (Bankr. E.D.N.Y. 2004).

15. In determining whether a default judgment is appropriate, "the court must accept as true all of the factual allegations of the complaint, except those relating to damages." *Id.* at 186, *citing*, *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Moreover, the clerk may enter a judgment when the claim is one for a sum certain, if furnished with an affidavit of the amount due and provided that defendant has been defaulted for failure to appear. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 94 (2d Cir. 1993).

16. Here, Plaintiff has set forth in the Complaint that:

   a. on November 24, 2008, Defendant received one transfer from the Debtor, in the amount of Seventy-Five Thousand Two Hundred Sixty-Seven and 98/100 ($75,267.98) Dollars (the "Transfer");

   b. the Transfer was made within ninety (90) days prior to the Petition Date;

   c. the Transfer was made while the Debtor was insolvent;

   d. the Transfer was made from one of the Debtor's several bank accounts, and constituted a transfer of the Debtor's interest in property;

   e. the Transfer was made to, or for the benefit of, Defendant, a creditor of the Debtor;

   f. the Transfer was made on account of antecedent debts that the Debtor owed to Defendant pursuant to various contracts the Debtor and Defendant entered into before the Transfer was made;

   g. upon information and belief, pursuant to the terms of the various contract entered into between the Debtor and Defendant, Defendant was permitted to receive payments from Defendant's purported investments in the form of

       "interest payments" or, alternatively, Defendant was permitted to "roll-over" his investment to a future bridge loan; and

    h. the Transfer enabled Defendant to receive more than he would have received if: (a) Debtor's case was filed under chapter 7 of the Bankruptcy Code; (b) the Transfer had not been made; and (c) Defendant received payment of his claim as provided under chapter 7 of the Bankruptcy Code.

17. Accordingly, Plaintiff is entitled to entry of a judgment on the Eighth Claim For Relief avoiding the Transfer pursuant to Bankruptcy Code §547(b) and recovering the Transfer for the benefit of the Debtor's creditors pursuant to Bankruptcy Code §550(a).

18. Moreover, entry of a default judgment is warranted in this case because: (i) Defendant failed to file an answer to the Complaint by the Answer Deadline; (ii) Plaintiff is, as set forth above, otherwise entitled to entry of judgment because Plaintiff's claim is for a sum certain (*i.e.* $75,267.98), which was calculated from the total amount of the transfer made by the Debtor to Defendant;[1] and (iii) Defendant is neither an infant nor an incompetent and Defendant is not currently in active military duty. A copy of the status report pursuant to the Servicemembers Civil Relief Act is annexed hereto as **Exhibit 7**.

---

[1] A copy of the wire evidencing the transfer between the Debtor and Defendant is attached as **Exhibit 6**.

19. No prior application for the relief requested herein has been made to this or any other Court.

## CONCLUSION

20. It is respectfully requested that the Court (i) enter an Order under Bankruptcy Rule 7055 granting Plaintiff's Motion (**Exhibit 1**); and (ii) enter of a money judgment against Defendant in the amount of $75,267.98, plus interest from the date of judgment (**Exhibit 2**), and for such other and further relief as the Court deems just and proper.

I declare this under penalty of perjury that the foregoing is true and correct. Executed on June 5, 2014, Jericho, New York.

*s/ David J. Mahoney*  
DAVID J. MAHONEY